**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VITO SILVERO, | : | |
| Plaintiff, | : | Civil Action No.: 13-6599 (MAS) |
| v. | : | |
| STATE OF NEW JERSEY, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

**DANIEL E. CHASE, ESQUIRE**
**HARTSOUGH, KENNY & CHASE, ESQS.**
3812 Quakerbridge Road
Hamilton, New Jersey 08619
Counsel for Plaintiff

**ALEX JOSEPH ZOWIN, ESQ.**
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
Division of Law
R.J. Hughes Justice Complex
25 Market Street
Trenton, New Jersey   08625
Counsel for Defendants, State of New Jersey and the New Jersey Department of Corrections

**STEVEN DRAKE, ESQ.**
**REYNOLDS, DRAKE**
29 North Shore Road, P.O. Box 345
Absecon, New Jersey 08201
Counsel for Defendant University of Medicine and Dentistry of New Jersey

**SHIPP, District Judge**

Presently before the Court is a motion filed on behalf of Defendants, the State of New Jersey and the New Jersey Department of Corrections ("NJDOC"), seeking to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6). (ECF No. 2.) Plaintiff thereafter filed a Second Amended Complaint (ECF No. 3) and opposition to Defendants' motion. (ECF No. 4.) This motion is decided on the papers, without oral argument, pursuant to *Local Civil Rule 78.1*. For the reasons set forth below, the Court grants Defendants' motion and the Complaint is dismissed with prejudice as against these Defendants. Further, the Court finds that this action is subject to dismissal without prejudice, in its entirety as against all named Defendants, for failure to state a claim at this time.

## I.  BACKGROUND

On June 3, 2013, Plaintiff Vito Silvero ("Plaintiff" or "Silvero"), filed an amended complaint in the Superior Court of New Jersey, Law Division, Mercer County, under Docket No. MER-L-1063-13. The complaint alleges violations of Plaintiff's constitutional rights under 42 U.S.C. §§ 1983 and 1985, and the New Jersey Civil Rights Act. Specifically, while Plaintiff was an inmate in the custody of the NJDOC, Plaintiff alleges that he was the victim of an inmate assault, and the NJDOC, its agents or employees, failed to provide Plaintiff with medical care for the injuries he sustained as a result of the assault. Plaintiff further alleges that when medical care eventually was provided, it was done in a negligent manner. (ECF No. 1-1, Amended Complaint at ¶¶ 1, 2 and 3.) Plaintiff further alleges that, as a result of this delay and the negligent medical care, he has suffered serious and permanent injury. Namely, Plaintiff alleges that NJDOC Defendants "refused plaintiff medical care and pain medication, misplaced medical records, and denied necessary medical treatment." (*Id.*, ¶ 2.) Plaintiff names the State of New Jersey, the

NJDOC, the University of Medicine and Dentistry of New Jersey ("UMDNJ"), John Doe M.D.

Defendants 1-5; John and Jane Doe Defendants 1-5, and John Doe or ABC Corporation

Defendants 1-5 as Defendants in this action.  (*Id.*, Caption.)

On October 1, 2013, the amended complaint was served on the moving Defendants, the

State of New Jersey and the NJDOC.  (ECF No. 1, Notice of Removal at ¶ 2, Exhibit A.)   On

October 31, 2013, Defendants, the State of New Jersey and the NJDOC (the "State Defendants"),

removed this matter to this District Court.  (ECF No. 1.)

Thereafter, on November 7, 2013, the State Defendants filed a motion to dismiss Plaintiff's

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 2.)  The motion to

dismiss argues that all claims against the State Defendants must be dismissed because state

agencies and state employees acting in their official capacities are not "persons" subject to suit

under 42 U.S.C. § 1983, and because the State Defendants did not waive their immunity from

liability.  The State Defendants also contend that Plaintiff's claims under 42 U.S.C. § 1985 must

be dismissed for failure to state a claim upon which relief may be granted.  (*Id.* at 4-13.)

In response to removal, Plaintiff filed a Second Amended Complaint in this Court, which is

essentially identical to the amended complaint filed in state court without the demand for

interrogatories, demand for insurance coverage and demand for transcription.  (ECF No. 3.)

Plaintiff's counsel then filed an opposition to the State Defendants' motion to dismiss on

December 2, 2013.  (ECF No. 4.)  The State Defendants filed a reply on December 6, 2013.

(ECF No. 5.)

On January 10, 2014, counsel for Defendant Rutgers School of Biomedical and Health Sciences ("RSBHS") (improperly identified as the UMDNJ) filed an Answer to the Second Amended Complaint with cross claims.  (ECF No. 6.)

## III.  <u>DISCUSSION</u>

A.  <u>Motion to Dismiss Standard</u>

A district court conducts a three-part analysis when considering a Rule 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).  Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).  The court, however, must disregard any conclusory allegations proffered in the complaint. Id. For example, the court is free to ignore legal conclusions or factually unsupported accusations which merely state that "the-defendant-unlawfully-harmed-me."  *Iqbal*, 556 U.S. at 678 (internal citation omitted). Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'"  *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

Determining plausibility is a "context-specific task which requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  Plausibility, however, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678 (internal citation omitted).  In the end, facts

which only suggest the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

B. Eleventh Amendment Immunity

The State Defendants, the State of New Jersey and the NJDOC, first argue that they are entitled to immunity under the Eleventh Amendment, and that they are not "persons" subject to liability under 42 U.S.C § 1983.

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." As a general rule, a suit by private parties seeking to impose a liability that must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. *See, e.g., Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 389 (1998); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Rivers v. SCI Huntingdon Prison*, 532 F. App'x 91, 93 (3d Cir.2013). Thus, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against that state or any one of its agencies. *Wisconsin Dept. of Corrections, supra; Rivers, supra.* Section 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 340–41 (1979); *Ellington v. Cortes*, 532 F. App'x 53, 56 (3d Cir. 2013).

The NJDOC is a state entity or agency of the State of New Jersey. *See* N.J. Stat. Ann. 30:1B (establishing "in the Executive Branch of the State Government a principal department which shall be known as the Department of Corrections."). The NJDOC enjoys minimal

5

autonomy, operating under a commissioner appointed by the New Jersey Governor with the consent of the state Senate.   *See Wimbush v. Jenkins*, No. 2014 WL 1607354, *4 (D.N.J. Apr. 22, 2014) (citing *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 539 (D.N.J. 1989)). NJDOC therefore stands in the shoes of New Jersey for sovereign immunity purposes and may not be sued in federal court.   *Wimbush, supra; see also Didiano v. Balicki*, 488 F. App'x 634, 638–39 (3d Cir. 2012) (affirming grant of summary judgment on Section 1983 and NJCRA claims in favor of DOC and DOC official sued in official capacity); *Simrin v. Corr. Med. Servs.*, Civ. No. 05–2223(RBK), 2006 WL 469677, at *2 (D.N.J. Feb. 24, 2006) (dismissing claims against NJ DOC pursuant to Eleventh Amendment and Section 1983).   Accordingly, Plaintiff's action against the State of New Jersey and the NJDOC is barred by the Eleventh Amendment and because the State Defendants are not "persons" within the meaning of § 1983.[1]

B.   Plaintiff's Conspiracy Claim Under §§ 1983 and 1985 Fails to State a Claim

To demonstrate the existence of a conspiracy under § 1983, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law." *Laurensau v. Romarowics*, 528 F. App'x 136 (3d Cir. 2013) (internal citations omitted).   To plead a conspiracy claim properly, a plaintiff must allege "facts that plausibly suggest a meeting of the minds." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 179 (3d Cir. 2010).   The complaint must not plead merely a "conclusory allegation of

---

1 State law claims brought under the New Jersey Civil Rights Act, N.J.S.A. 10:6–1 et seq. , ("NJCRA"), have been held to be analogous to 42 U.S.C. § 1983 and any affirmative defenses and immunities available under § 1983 are likewise available under the NJCRA.   *See Ramos v. Flowers*, 429 N.J. Super. 13 (App.Div.2012).   Consequently, Plaintiff's action against the State Defendants under the NJCRA and the New Jersey State Constitution are likewise dismissed with prejudice here.

agreement at some unidentified point." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). The elements of a § 1985(3) claim are "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (internal quotations and citations omitted).

In his Second Amended Complaint, Plaintiff alleges no facts to support a claim of conspiracy. For instance, Plaintiff provides no details or specific facts regarding the formation of a conspiracy, or any acts undertaken by individual Defendants in furtherance of the conspiracy. In short, the complaint offers only bald and conclusory statements of a conspiracy under §§ 1983 and 1985. As stated above, this Court is free to ignore legal conclusions or factually unsupported accusations which merely state that "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Accordingly, Plaintiff's claims of conspiracy under §§ 1983 and 1985 are dismissed without prejudice to his seeking leave to submit an amended pleading that would cure the deficiencies noted herein.

C. Remaining Denial of Medical Care and Negligent Care Claims

Finally, this Court finds that Plaintiff's Second Amended Complaint fails to state a claim with respect to his general allegations of unknown Defendants failing to provide medical care or providing negligent medical care. The entire complaint is nothing more than conclusory statements of law, unsupported by any factual detail. Plaintiff offers no information, such as the date or dates of the alleged wrongful conduct, the identities of any individuals involved in the

7

alleged wrongful conduct, the nature of his injuries or any other facts to support the elements of his claims against the Defendants. At best, Plaintiff names only the State Defendants and the RSBHS, and argues that *respondeat superior* liability applies. (See ECF No. 4, Plaintiff's Opposition at 2.)

As a general rule, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Iqbal*, 556 U.S. at 676; *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983). In *Iqbal*, the Supreme Court held that "[ b] ecause vicarious or supervisor liability is inapplicable to *Bivens* and [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Thus, each government official is liable only for his or her own conduct. The Supreme Court rejected the contention that supervisor liability can be imposed where the official had only "knowledge" or "acquiesced" in their subordinates' conduct. *See id.* at 693.

In this case, the Second Amended Complaint is completely devoid of any factual allegations to show that individual NJDOC officials were personally involved in any wrongful acts against Plaintiff. Similarly, Plaintiff alleges no official policy or government practice or custom that caused the alleged unconstitutional acts. The mere suggestion that an action brought by another former prisoner who was allegedly denied medical treatment, without any identifying references, is wholly insufficient to establish liability under a theory of *respondeat superior*. Moreover, Plaintiff's argument that he will be able to provide the necessary factual support for his bald claims "through ongoing discovery and depositions of the various state employees involved,"

8

(*see* ECF No. 4, Plaintiff's Opposition at 3), is simply a request for a fishing expedition based on vague and general statements. Such fishing expeditions without any factual predicates are not approved by the courts. *See e.g., Ogbin v. Citifinancial Mortgage Co., Inc.*, CIV. 09–0023NLH, 2009 WL 4250036 (D.N.J. Nov.19, 2009) (citing *Twombly*, 550 U.S. at 563, n. 8) ("Discovery cannot serve as a fishing expedition through which plaintiffs search for evidence to support facts they have not yet pleaded.")).

Therefore, because the entire Second Amended Complaint fails to provide even the most rudimentary facts to show that Plaintiff has a 'plausible claim for relief' on any of his conclusory statements of constitutional violations, this action is dismissed without prejudice, in its entirety as against all named Defendants, pursuant to *Iqbal* for failure to state a claim for relief at this time. *Iqbal*, 556 U.S. at 679. This dismissal is without prejudice to Plaintiff seeking to file an amended pleading to cure the deficiencies as discussed in this Opinion, *supra*. The Court, however, stresses that Plaintiff should not misconstrue this leave to amend as dispensing with Plaintiff's obligation to state the actual facts of the alleged constitutional wrongs he suffered, if any, and to identify the actual wrongdoers, if any, personally implicated in those wrongs. *Cf. In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276–77 (3d Cir. 2006) (a plaintiff must assert all the essential factual background that would accompany "'the first paragraph of any newspaper story'—that is, the 'who, what, when, where and how' of the events at issue") (citations omitted). In other words, a civil complaint must allege the actual "conduct, time, place, and person responsible." *Id.* (quoting *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)).

9

## CONCLUSION

For the foregoing reasons, the Court grants the State Defendants' motion to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(6), and the Second Amended Complaint is dismissed with prejudice, in its entirety, as to Defendants, the State of New Jersey and the NJDOC, for failure to state a claim.   In addition, this action is dismissed without prejudice, in its entirety as against all remaining Defendants, for failure to state a cognizable claim for relief at this time.   An accompanying Order is filed herewith.

MICHAEL A. SHIPP
United States District Court